UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

ANTHONY L. COOPER,

                Plaintiff,

v.                              Case No. 3:05-cv-821-J-25MMH

JOHN H. MOORE, II, et al.,

                Defendants.
_____

## ORDER OF DISMISSAL WITH PREJUDICE

Plaintiff Anthony L. Cooper, an inmate of the Florida penal system proceeding pro se and in forma pauperis, initiated this action by filing a Civil Rights Complaint Form (Doc. #1) (hereinafter Complaint) pursuant to 42 U.S.C. § 1983. As the Defendants in this action, Plaintiff names the Honorable John H. Moore, United States District Judge, and the "Judicial Qualification Commission Office." Complaint at 3. Although the Complaint is unclear, it appears that Plaintiff is attempting to challenge Judge Moore's dismissal of one of Plaintiff's previous filings in this Court in case number 3:05-cv-746-J-16TEM.

On April 26, 1996, the President signed into law the Prison Litigation Reform Act, which amended 28 U.S.C. § 1915 by adding the following subsection:

> (g) In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any

> facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

28 U.S.C. § 1915(g).

The Court takes judicial notice of filings brought by Plaintiff in a Court of the United States that were dismissed on the grounds that they were frivolous, malicious, or failed to state a claim upon which relief may be granted: (1) 3:00-cv-135RV (by the United States District Court for the Northern District of Florida as malicious); (2) 3:04-cv-1133-J-16MCR (by this Court as frivolous; and, (3) 3:04-cv-1215-J-20TEM (by this Court as frivolous).

Because Plaintiff has had three or more qualifying dismissals and is not under imminent danger of serious physical injury, he is not entitled to proceed in forma pauperis and this action will be dismissed. Normally, this Court would dismiss this action without prejudice, informing Plaintiff that he may initiate a new civil rights action by filing a new civil rights complaint form and paying the full $250.00 filing fee. However, the Court will dismiss this case with prejudice because the Complaint is clearly frivolous.[1] Furthermore, Judge Moore is entitled to absolute

---

[1] Plaintiff has wholly failed to allege any causal connection between either of the named Defendants and any constitutional deprivation.

judicial immunity.  See <u>Bolin v. Story</u>, 225 F.3d 1234, 1239-42 (11th Cir. 2000) (per curiam).

Therefore, it is now

**ORDERED AND ADJUDGED:**

1. This case is hereby **DISMISSED** with prejudice.

2. The Clerk of the Court shall enter judgment dismissing this case with prejudice.

3. The Clerk of the Court shall close this case.

**DONE AND ORDERED** at Jacksonville, Florida, this 30th day of August, 2005.

UNITED STATES DISTRICT JUDGE

ps 8/29
c:
Anthony L. Cooper

- 3 -